MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
The trial court and this Court have accepted the evidence presented by the plaintiffs at a summary judgment hearing as conclusive on the issue of navigability and have summarily discarded the defendant’s evidence as worthless and inadmissible.
In my view, defendant’s evidence was sufficient to show that a genuine issue of material fact existed, under the authority of United States v. Rio Grande Dam & Irr. Co. (1899), 174 U.S. 690, 19 S.Ct. 770, 43 L.Ed. 1136, and Puget Sound Power & Light v. Fed. Energy Reg. Comm’n (1981), 644 F.2d 785, and therefore, the disposition of this case by summary judgment was improper. The matter should be remanded for trial by jury.
Assuming, arguendo, that the Dearborn River was navigable in fact, then the issues in this case can be resolved by application of existing law. There was no necessity for the tried court to hold, and for this Court to affirm, that recreational use and fishing make the Dearborn River navigable.
By adopting the recreational use test, with potential statewide application, where the issues before the court do not require its adoption, this Court appears to be acting legislatively, instead of judicially, and may be creating a procedure whereby valuable property rights are condemned and taken without payment of compensation.